UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERSATILE HELICOPTERS,

        Plaintiff,                          Case No. 2:10-cv-1110
                                                  JUDGE GREGORY L. FROST
    v.                                             Magistrate Judge E.A. Preston Deavers

CITY OF COLUMBUS, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Helicopter Minit-Men, Inc.'s motion to dismiss (ECF No. 33), Plaintiff's memorandum in opposition (ECF No. 37), and Defendant Helicopter Minit-Men, Inc.'s reply memorandum (ECF No. 38). For the reasons that follow, this Court finds the motion to dismiss not well taken.

### I. Background

According to the First Amended Complaint, the factual allegations of which this Court necessarily accepts as true for present purposes, Defendant the City of Columbus previously entered into a contract with Defendant Minit-Men, Inc. ("Minit-Men") that called for Minit-Men to inspect, service, and maintain helicopters belonging to the Columbus Police Department. One helicopter in the police department fleet was a McDonnell Douglas Model 369E, Series 5000-E Helicopter, with the aircraft serial number 0540E and bearing United States identification number N553CR. In April 2008, Columbus offered this helicopter for sale.

Plaintiff, Versatile Helicopters, Inc. ("Versatile"), learned through a broker, Heli-

1

Logistics, that the helicopter was for sale and that Minit-Men was responsible for performing a 100-hour annual inspection on the helicopter before its delivery to a buyer.  Minit-Men purportedly performed the inspection, but when Versatile subsequently took delivery of the helicopter, Versatile allegedly discovered that the helicopter had structural cracks, time-expired components, loose driving coupling components, and other significant maintenance deficiencies.

Versatile filed the instant action against the City of Columbus, the Columbus Police Department, and Minit-Men.  In a First Amended Complaint, Versatile asserts in Count III alternative claims for negligent or intentional misrepresentation against Minit-Men and others, the crux of which is that Minit-Men negligently or intentionally engaged in misrepresentation of the state of the helicopter.  (ECF No. 29 ¶¶ 53-61.)  Minit-Men has filed a motion to dismiss Count III, which having been fully briefed, is ripe for decision.

## II.  Discussion

### A.  Standard Involved

Minit-Men moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Versatile has set forth a claim upon which this Court may grant relief.  The Court must construe the First Amended Complaint in favor of Versatile, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Consequently,

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

As noted, the third count of the First Amended Complaint sets forth alternative claims for negligent or intentional misrepresentation. Seeking to dismiss the negligent misrepresentation component of this count, Minit-Men argues that Versatile has failed to plead facts leading to the conclusion that Minit-Men knew Versatile was purchasing the helicopter when Minit-Men performed the maintenance inspection. Minit-Men also argues that Versatile has failed to plead facts leading to the conclusion that Minit-Men was aware that Versatile would rely on any representations related to the maintenance inspection.

Both arguments target the essential elements of the negligent misrepresentation claim. The Sixth Circuit has recognized that Ohio law defines a claim for negligent misrepresentation as follows:

3

> [O]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505 (6th Cir. 2003) (quoting *Delman v. Cleveland Hts.*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835, 838 (1989)). *See also David A. Flynn, Inc. v. Gen. Motors Acceptance Corp.*, 345 F. App'x 974, 977 (6th Cir. 2009). This definition tracks the Restatement (Second) of Torts § 552(1).

Versatile argues that it has pled factual allegations meeting the foregoing elements. The company directs this Court to its allegation in the First Amended Complaint that Minit-Men knew Versatile was purchasing the helicopter and knew what Minit-Men's certification of having completed a 100 hour inspection of the helicopter meant to Versatile given the applicable Federal Aviation Administration criteria.

Minit-Men also seeks to dismiss Versatile's claim for intentional misrepresentation, a claim that requires a plaintiff such as Versatile to establish

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Andersons, Inc.*, 348 F.3d at 505 (quoting *Carpenter v. Scherer-Mountain Ins. Agency*, 135 Ohio App.3d 316, 327, 733 N.E.2d at1196, 1204 (Ohio Ct. App. 1999)). Minit-Men argues in its reply memorandum that Versatile's alternative pleading of the intentional misrepresentation component of Count III is "flippant." (ECF No. 38, at 3.) The subjective prominence a plaintiff

4

assigns to a factual allegation or a claim in its pleading is certainly not dispositive of whether the claim involved is plausible for Rule 12(b)(6) purposes.  Rather, as in the negligent misrepresentation inquiry, the issue is whether Versatile has pled sufficient factual content to allow this court to draw the reasonable inference that Minit-Men is liable for the foregoing elements of the misconduct alleged.  Minit-Men asserts that Versatile has failed to plead facts that Minit-Men intended to falsely mislead Versatile into relying on any misrepresentations.

The motion to dismiss arguably presents two close calls.  Versatile has pled facts pointing to an inspection and certification by Minit-Men and deficiencies in the helicopter involved that the purported inspection and maintenance would have addressed.  Issuing a false inspection report that supports the air-worthiness of a helicopter would be misleading the buyer.  Therefore, drawing on its judicial experience and common sense, this Court concludes that there is sufficient inferential support to enable Versatile to survive dismissal here of the intentional misrepresentation component of Count III.

There is also just enough inferential support to allow Versatile to proceed on the negligent misrepresentation component of Count III, although the potential tension between *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure (9)(b)'s permission to plead knowledge generally (and Rule 84's proffered complaints, such as Form 11) is perhaps most evident in this type of instance.  It is plausible that Minit-Men as the company charged with inspecting and maintaining a helicopter for sale would of course have knowledge of the sufficiency of its inspection and maintenance, that Minit-Men would be informed of the possible sale, and that Minit-Men would or should recognize that the potential buyer would rely on the inspection and maintenance efforts.  There is thus enough inferential support for plausible claims that dismissal

is not warranted. To accept Minit-Men's position that pleading additional facts concerning knowledge would be to require more than *Twombly* and *Iqbal* demand in contravention of notice pleading and the example template pleading the Federal Rules of Civil Procedure provide.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Minit-Men's motion to dismiss. (ECF No. 33.)

**IT IS SO ORDERED**.

                                                 /s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE