UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VERSATILE HELICOPTERS,**

    **Plaintiff,**                          Case No. 2:10-cv-1110
                                         **JUDGE GREGORY L. FROST**
    v.                                   Magistrate Judge Elizabeth P. Deavers

**CITY OF COLUMBUS, et al.,**

    **Defendants.**

### ORDER

This matter is before the Court for consideration of the motion prejudgment interest and post-judgment interest filed by Versatile Helicopters, Inc. ("Versatile") (ECF No. 107), a memorandum in opposition filed by the City of Columbus ("Columbus") (ECF No. 110), and a reply memorandum filed by Versatile (ECF No. 111). In the motion, Versatile seeks prejudgment interest from May 15, 2009 to September 19, 2012, and post-judgment interest from September 19, 2012 to the present.

Versatile asserts a right to the requested interest pursuant to Ohio Revised Code § 1343.03(A). That statute provides:

> In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. Notification of the interest rate per annum shall be provided pursuant to sections 319.19, 1901.313, 1907.202, 2303.25, and 5703.47 of

the Revised Code.

*Id.* The Sixth Circuit has explained that under this statutory language, once a district court renders a monetary judgment in a contract case such as the instant case, it lacks discretion to deny prejudgment interest. *Eggert v. Meritain Health, Inc.*, 428 F. App'x 558, 569 (6th Cir. 2011). *See also Tharo Sys., Inc. v. Cab Produkttechnik GMBH & Co. KG*, 196 F. App'x 366, 377 (6th Cir. 2006) (recognizing that an award under § 1343.03(A) is not discretionary and that "money damages become due and payable on a contract at the time of the breach").

Columbus does not dispute the applicability of the statute, conceding in its memorandum in opposition that "[t]he awarding of pre- and post-judgment interest is governed by O.R.C. 1343.03(A)." (ECF No. 110, at Page ID # 1384.) Rather, Columbus takes the position that an interest award is improper because, after necessarily determining whether a good faith effort to settle the case was made, the Court must conclude that Versatile has waived its right to the requested interest. To make this argument, Columbus relies upon Ohio Revised Code § 1343.03(C). Versatile points out in its reply memorandum, however, that the portion of § 1343.03(C) upon which the city relies applies on its face only to "a civil action that is based on tortious conduct." Ohio Rev. Code § 1343.03(C)(1).

None of this matters because the parties are fighting the wrong fight. This Court has already described in painful detail the inexplicably sloppy actions that led Versatile to argue prior to trial that it did not matter under what state's law it was asserting its breach of contract claim, as well as this Court's rejection of that "close enough" approach and Columbus' curious decision to proceed to trial on the reformed breach of contract claim. *See* ECF No. 100, at Page ID # 940, 947-55. The end result of these developments was that the only claim that went to trial

in this litigation was the breach of contract claim under Oklahoma law.  The only breach of contract claim that the jury received instructions on was under Oklahoma law.  And the only breach of contract claim that the jury returned a verdict in favor of Versatile on was under Oklahoma law.

Despite these facts, Versatile now seeks to apply Ohio law to obtain prejudgment interest and post-judgment interest.  Columbus does not disagree with the proposition that Ohio law applies and only contests the end result of the application of that state's law.  But the Sixth Circuit has soundly rejected the approach endorsed by both parties.

In *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 F. App'x 246 (6th Cir. 2012), the court of appeals addressed a trial court's award of prejudgment interest on a breach of contract claim brought under Missouri law.  The trial court had also applied Missouri law to determine the prejudgment interest, despite the forum state being Kentucky.  The Sixth Circuit explained that " 'prejudgment interest is a substantive aspect of damages in a diversity case and is thus properly viewed as a matter of state law.' " *Id.* at 257 (quoting *Diggs v. Pepsi-Cola Metro. Bottling Co.*, 861 F.2d 914, 924 (6th Cir. 1988)).  The court of appeals concluded that "courts look to the law of the state that governs the cause of action when assessing prejudgment interest." *Id.* at 258.  The Sixth Circuit described the underlying rationale as "sensible": "the parties agreed to be bound by Missouri law, and it would be strange indeed to carve out the issue of prejudgment interest and apply Kentucky law while Missouri law governs the rest of the case." *Id.*

Here, the parties agreed to be bound by Oklahoma law, even if their litigation conduct has continually evinced a poor understanding of what that actually means.  Accordingly, it is not

3

the law of the forum state that governs any award of prejudgment interest here, but the law of the state that governs the claim for relief involved.  Because Oklahoma law and not Ohio law controls, Versatile has brought its motion under the wrong state's law.

Versatile's motion suffers from a similar defect in regard to the request for post-judgment interest.  Versatile also seeks such interest under Ohio Revised Code § 1343.03(A), but *Jack Henry & Associates, Inc. v. BSC, Inc.* teaches that "[t]he default rule is that, 'in diversity cases in this Circuit, federal law [*i.e.*, 28 U.S.C. § 1961] controls postjudgment interest' even while state law governs awards of prejudgment interest." 487 F. App'x at 260.  This is true even where a bare choice of law provision exists because "[t]he settled principle is that, under federal law, once a claim is 'reduced to judgment, the original claim is extinguished and merged into the judgment' . . . ." *Id.* (quoting *Kotsopoulos v. Asturia Shipping Co.*, 467 F.2d 91, 95 (2d Cir. 1972)).

Here, although the parties agreed to be bound by Oklahoma law, there is no contract provision that includes a clear, unambiguous, and unequivocal intent to apply any particular interest rate to a judgment other than 28 U.S.C. § 1961.  Under no apparent theory would Ohio Revised Code § 1343.03(A) apply.

The Court **DENIES WITHOUT PREJUDICE** the motion for an award of prejudgment and post-judgment interest pursuant to Ohio Revised Code § 1343.03(A).  (ECF No. 107.)

**IT IS SO ORDERED**.

                 /s/ Gregory L. Frost
                 GREGORY L. FROST
                 UNITED STATES DISTRICT JUDGE